■ In the Matter of Thomas C. Remsen et al., Respondents, v. Board of Assessors of the Town of Queensbury, Appellant, and Board of Assessors of the Town of Fort Ann et al., Respondents.— *Per Curiam.* Appeal by the Board of Assessors of the Town of Queensbury from a judgment of the Supreme

Court, entered December 10, 1968 in Washington County, upon a decision of the court at a Trial Term, without a jury. This is a proceeding under article 7 of the Real Property Tax Law for review of alleged illegal assessments. The proceeding was brought when the Town of Fort Ann (situate in Washington County) and the Town of Queensbury (situate in Warren County) each attempted to collect taxes upon real property owned by the petitioners. The result of the assessments was that petitioners were presumably liable to pay taxes on the same real property to both towns, or double taxation. The resolution of which town had the right to tax the real property in question depends upon the location of the boundary line between the counties of Warren and Washington, the same being the boundary line between the towns. By chapter 947 of the Laws of 1963, the State of New York directed the Department of Public Works "to locate, establish and permanently mark, upon the ground, the line between the town of Queensbury, in the county of Warren, and the town of Fort Ann, in the county of Washington". The legislation further provided that the line as shown by a report and map of the chief engineer of the department would be presumptive evidence that the line as located is correct. The legislation did not finally set the boundary line, but put the burden upon anyone disagreeing therewith to prove that the line was incorrectly located. The report of the chief engineer stated: "The County line is a straight line from the Hudson River at Hudson Falls to Lake George, a distance of approximately twelve miles and follows the center line of about two miles of County Line Road." The Town of Fort Ann and County of Washington disputed the center line of the County Line Road as established by the State for the purpose of establishing a beginning point and introduced evidence establishing the line southerly of the starting point adopted by the State. The State adopted as its starting point a point in the County Line Road where the road begins to curve towards the west. The evidence before the trial court established that there was a stone monument and a fence line located southerly of the starting point adopted by the State together with an abandoned section of the County Line Road in the vicinity of the State's starting point and that there were other substantial indications of the County Line southerly of the State's starting point. The record in its entirety establishes that the map filed by the State is unreliable in that its surveyors failed to consider southerly monuments in establishing the center line of the County Line Road and the presumption was overcome as found by the trial court. The petitioners were entitled to judgment voiding the assessment of their specified properties by the Town of Queensbury since the Town of Queensbury failed to prove any right to assess the properties and the properties by deed description are located in the County of Washington and/or Town of Fort Ann. However, the judgment appealed from exceeds the purposes and remedy provided by article 7 of the Real Property Tax Law (§ 720, subd. 1, § 704, subd. 2) in that it fixes the entire 12-mile boundary line between the counties of Warren and Washington and, accordingly, it must be modified. Judgment modified, on the law, by deleting therefrom the *second decretal paragraph*, and, as so modified, affirmed, with costs to the respondent Board of Assessors of the Town of Fort Ann. Herlihy, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam*.